U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed February 9, 2009**                                       **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| BTWW RETAIL, L.P., | § | CASE NO. 08-35725-BJH-11 |
| CORRAL WEST RANCHWEAR, LLC, | § | CASE NO. 08-35731-BJH-11 |
| CWR WORKWEAR DEPOT, LLC, and | § | CASE NO. 08-35727-BJH-11 |
| CORRAL WEST RANCHWEAR | § | |
|   CATALOG, LLC, | § | CASE NO. 08-35734-BJH-11 |
| | § | |
|     DEBTORS. | § | (JOINTLY ADMINISTERED |
| | § | UNDER CASE NO. 08-35725- |
| | § | BJH-11) |
| | § | |

**ORDER PURSUANT TO SECTION 327(b)
OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY
PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors and debtors in possession (the "Debtors"), having

filed a Motion (the "Motion")[1] on December 5, 2008, for an order pursuant to Section

327(b) of the Bankruptcy Code requesting authorization for the employment of Holland

---

[1] Capitalized terms not otherwise defined herein shall have the meanings defined in the Motion.
ORDER PURSUANT TO SECTION 327(b) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY
PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

& Hart, LLP ("Holland & Hart") as ordinary course professionals, and it appearing that the Court has jurisdiction over this matter; and it appearing that due notice of the Motion has been provided as set forth in the Motion, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that, pursuant to Section 327(b) of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to employ Holland & Hart in the ordinary course of the Debtors' business and the administration of the estates, effective as of the date of the commencement of the Debtors' Chapter 11 cases; and it is further

**ORDERED** that Holland & Hart is required to comply with Federal Rule of Bankruptcy Procedure 2016(b) within thirty days of the entry of this Order; and it is further

**ORDERED** that the Debtors are authorized and empowered to pay compensation for services rendered post-petition and reimburse expenses for expenses incurred post-petition to Holland & Hart pursuant to this Order in the customary manner in the full amount billed by Holland & Hart upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with Holland & Hart's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices) up to $20,000 per month; and it is further

**ORDER PURSUANT TO SECTION 327(b) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

**Page 2 of 3**

**ORDERED** that any payments to Holland & Hart made in excess of the $20,000 monthly fee cap set forth in the preceding paragraph shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules and Orders of the Court; and it is further

**ORDERED** that the Debtors shall not pay Holland and Hart any amounts due for pre-petition services or expenses absent further Order of the Court or allowance of such a claim through the ordinary claims process; and it is further

**ORDERED** that the Debtors shall provide any Creditors' Committee appointed with notice of the payments to Holland & Hart on or before ten (10) business days following the date that the payments are made; and it is further

**ORDERED** that nothing contained in this Order shall affect the rights of parties in interest to object to the continued employment of Holland & Hart; and it is further

**ORDERED** that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court.

#### END OF ORDER ####

**ORDER PURSUANT TO SECTION 327(b) OF THE BANKRUPTCY CODE FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS**

**Page 3 of 3**