

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

Signed May 18, 2009                        **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| BTWW RETAIL, L.P., et al., | § | CASE NO. 08-35725-BJH-11 |
| | § | |
| DEBTORS. | § | (Administratively Consolidated) |
| | § | |
| | § | HEARING DATE:  May 18, 2009 |
| | § | HEARING TIME:  9:00 a.m. |

**ORDER APPROVING MOTION FOR ORDER: (A) APPROVING SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES, CLAIMS AND INTERESTS PURSUANT TO SECTIONS 363(b), 363(d) AND 363(m) OF THE BANKRUPTCY CODE; (B) WAIVING THE REQUIREMENTS OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(g); AND (C) APPROVING OVERBIDDING PROCEDURES; AND (D) GRANTING RELATED RELIEF**

Upon the Motion For Order (A) Approving Sale Of Assets Free And Clear Of All Liens, Encumbrances, Claims And Interests Pursuant To Sections 363(B), 363(D) And 363(M) Of The Bankruptcy Code; (B) Waiving The Requirements Of Federal Rule Of Bankruptcy Procedure 6004(G); And (C) Approving Overbidding Procedures; And (D) Granting Related Relief (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") on April 22, 2009 [Dkt. 468], seeking the issuance and entry of an order, pursuant to

§ 363 of Title 11, United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (A) approving the sale of (i) accounts receivables and class action settlement funds; and (ii) certain intellectual property (collectively, the "Assets") free of all liens, claims, encumbrances and interests; (B) waiving the requirements of Bankruptcy Rule 6004(g); (C) approving overbidding procedures; and (D) granting related relief; there having been no overbids submitted for the proposed purchase of the Assets; the Debtors having filed a Notice with the Court informing the Court that no overbids were received [Dkt. no. 504]; the Debtors having entered into an Purchase Agreement and Assignment of Claims and Interests (the "Oak Point Agreement") between the Debtors and Oak Point Partners, Inc. ("Oak Point"); the Debtors having entered into a Agreement for Sale of Intellectual Property Assets (the "Smith Agreement") between the Debtors and Smith Brothers, Inc. ("Smith Brothers"; together with Oak Point, the "Purchasers"); this Court having reviewed the Motion, the Oak Point Agreement, the Smith Agreement and all pleadings related thereto, and having considered the evidence proffered at the hearing on the Motion (the "Sale Hearing"); and upon the record of the Sale Hearing including the testimony and evidence presented at the Sale Hearing and the decision of this Court to approve the Motion as reflected on the record of the Sale Hearing; and after due deliberation and sufficient cause appearing therefore, this Court hereby makes the following Findings of Fact and Conclusions of Law.[1]

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052 Any statements of this Court from the bench at the Sale Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference into this Sale Order.

**ORDER APPROVING MOTION TO (i) AUTHORIZE SALE FREE AND**
**CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, etc.** – Page 2
DALLAS-1133195 v8 1283548-00015

# I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. This Court has jurisdiction to hear and determine the Motion and grant the relief requested therein, pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue of the Debtors' Chapter 11 cases and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B. As evidenced by the Certificates of Service previously filed with this Court and the testimony at the Sale Hearing, , (i) due, proper, timely, adequate, and sufficient notice of the Motion and of the Sale Hearing, has been given; (ii) such notice was good and sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Motion, the Sale Hearing, or the relief sought with respect thereto shall be required.

C. No objections to the Motion were filed.

D. A true and correct copy of the Oak Point Agreement is attached hereto as Exhibit A [Dkt. 505] and is incorporated herein. The Oak Point Agreement calls for the sale of the estates' accounts receivables and the Visa Claims to Oak Point for a total sale price $23,000 (the "A/R Sale Price").

E. A true and correct copy of the Smith Agreement is attached hereto as Exhibit B [Dkt. 506] and is incorporated herein. The Smith Agreement calls for the sale of the estates' interests in certain intellectual property, including the trademark applications for the names "Sergeant's Western World" and "Silver Mesa", the unregistered tradename and mark "Texas Classic" heretofor used by the Debtors in connection with the operation of their Sergeants' Western World stores, certain catalog operations, URLs, and certain computer systems and software, more specifically identified in the Smith Agreement (the "Intellectual Property") for a

total sale price of $13,100 (the "Sergeant's Sale Price"; together with the A/R Sale Price, the "Sale Prices"). The full amount of the Sergeant's Sale Price has already been paid to the Debtors.

F. Sergeant's Pet Care Products, Inc. ("Sergeant's Pet Care") filed a Motion for Relief from the Automatic Stay [Dkt. no. 387], seeking permission to file an appeal in the United States Patent and Trademark Office of any grant of registered status to the Debtors for the trademark "Sergeant's Western World."

G. Smith Brothers and Sergeant's Pet Care negotiated an agreement (the "Use Agreement") for Smith Brothers' use of the name "Sergeant's Western World," thereby resolving Sergeant's Pet Care's dispute with the Chapter 11 estates. A true and correct copy of the Use Agreement is attached as Exhibit A to the Smith Agreement. As the applicant for the trademark, BTWW is a required party to the Use Agreement, and approval of the Smith Agreement requires approval of the Use Agreement as well.

H. Good and sufficient reasons exist for approval of the Oak Point Agreement, Smith Agreement, and Use Agreement (collectively the "Agreements") and for the sale of the Assets to the Purchasers. The relief requested in the Motion is within the reasonable business judgment of the Debtors, and is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

I. The Debtors have demonstrated both (i) good, sufficient and sound business purpose and justification, and (ii) compelling circumstances for the entry into the Agreements, in that, among other things, the Debtors are no longer using the Intellectual Property, and collection of the Accounts Receivable and Visa Claims could take an inordinately long time and the costs of collection would constitute an unreasonable burden upon the estates.

J. The terms and conditions set forth in the Agreements are fair and reasonable. The Debtors, the Official Committee of Unsecured Creditors (the "Committee") and the Purchasers extensively negotiated the terms and conditions of the Agreements in good faith and at arm's length and without collusion or fraud, and the Purchasers are entering into the Agreements in good faith within the meaning of section 363(m) of the Bankruptcy Code, and the Purchasers are therefore entitled to the protections afforded thereby.

K. The Purchasers are not "insiders" of any of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. None of the Debtors, Smith Brothers, Oak Point, or the Committee has engaged in any conduct that would prevent the application of section 363(m) of the Bankruptcy Code. The Purchasers are entitled to all the protections and immunities of section 363(m) of the Bankruptcy Code.

L. The offers of the Purchasers, upon the terms and conditions set forth in the Agreements, including the form and total consideration to be realized by the Debtors pursuant to the Agreements, (i) are the highest and best offer received by the Debtors for the Assets to be sold; (ii) are fair and reasonable; and (iii) are in the best interests of the Debtors' creditors and estates.

M. The closing of the transactions contemplated under the Agreements is in the best interest of the Debtors' estates.

N. Pursuant to section 363(f) of the Bankruptcy Code, the Debtors' assets to be sold pursuant to the Agreements shall be sold free and clear of (i) any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens, judgments, encumbrances or claims of any kind or nature (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code), whether arising by agreement,

any statute or otherwise and whether arising before, on or after the date of these chapter 11 cases (collectively, the "Liens"), with such Liens to attach to the proceeds identified in the Agreements with the same priority, validity, force and effect as they existed prior to the sale of such assets, (ii) free and clear of any claims that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtors' or the Purchasers' interest in the Assets to be acquired under the Agreements or any similar rights, and (iii) any claims arising under doctrines of successor liability.

## II.  DECRETAL PROVISIONS

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### General Provisions

1. The relief requested is granted and approved as provided herein, subject to the terms and conditions as set forth herein.

2. Except as expressly provided for herein, the terms and provisions of this Sale Order shall be binding upon in all respects the Debtors, their officers, partners, managers, employees, directors, the Debtors' estates, and all persons or entities asserting claims against or interest in the Debtors, or their estates (including, but not limited to, all non-Debtor parties asserting any Liens on the Debtors' assets), and the Purchasers, and each of their respective officers, directors, partners, and members, and all interested parties, and their respective successors and assigns.

### Approval of the Agreements

3. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtors are hereby authorized and empowered to execute and deliver, perform under, consummate,

implement, and close fully the Agreements, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement the transactions set forth in the Agreements, including but not limited to the Use Agreement.

4. The Debtors are hereby authorized and empowered to enter into the Agreements and the Agreements are hereby approved in their entirety and are incorporated herein by reference.

5. If for any reason the Purchasers fail to consummate the transactions contemplated by the Agreements on or before May 22, 2009 by 5:00 p.m. (Central Time), the Debtors shall have the right to assert their claims against the Purchasers for breach of the Agreements.

6. The provisions of this Sale Order, and the Agreements, and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered confirming or consummating any plan of reorganization of the Debtors, or which may be entered converting Debtors' cases from chapter 11 to chapter 7, and the terms and provisions of the Agreements as well as the rights and interests granted pursuant to this Sale Order and the Agreements, shall continue in this or any superseding cases and shall be binding upon the Debtors, the Purchasers and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.

## Waiver of Ten-Day Stay

7. This Sale Order shall be effective and enforceable immediately upon signature and shall not be stayed pursuant to Bankruptcy Rule 6004(h) and the Debtors and the

Purchasers are authorized to close the transactions contemplated by the Agreements immediately.

### Retention of Jurisdiction

8. This Court retains jurisdiction to interpret and enforce this Sale Order and the Agreements, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to, or affecting, any of the transactions contemplated by the Agreements.

9. The Agreements approved herein may be modified or amended without further order of this Court (provided that such amendment has been approved in writing by the Debtors, the Creditors' Committee, and the Purchasers), except that Court approval shall be required if such amendment or modification has a material negative effect on the Debtors or their estates or that is in contravention of this Sale Order.

# # # END OF ORDER # # #